[Crim. No. 1683. Fourth Dist. July 8, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND LOPEZ SALAZAR, Defendant and Appellant.

William O. Ward III, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Leslie F. Bell, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Defendant appeals from a judgment convicting him of possessing marijuana (Health & Saf. Code, § 11530). He admitted three prior felony convictions. ■ The People introduced testimony that on March 28, 1964, police officers found defendant in an automobile in an apparently intoxicated state; the defendant made furtive attempts to conceal something; there were cigarette papers and "roll your own" tobacco on defendant's lap; defendant dropped a newspaper containing what appeared to be marijuana. An officer asked "Where did you get the marijuana?"; defendant replied, "It's not mine." The police then arrested and placed him and a companion in the police car; before further questioning defendant volunteered, "Might as well tell the truth, the stuff isn't ours, but we were just going to try some." Marijuana was found in the automobile; marijuana debris was found in the defendant's pockets.

Defendant took the stand and did not deny the statements or the manner in which they were made. The record is silent as to the defendant's being advised of his rights to remain silent and to counsel.

Defendant urges that the statement is a confession and its admission into evidence is reversible error under *People v. Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. Assuming the statement "[T]he stuff isn't ours, but we were just going to try some" to be a confession, reversal is not required because an essential element under the *Dorado* test is missing; there was no "process of interrogation that lends itself to eliciting incriminating statements." (See *People v. Stewart,* 62 Cal.2d 571, 578-579 [43 Cal.Rptr. 201, 400 P.2d 97].)

Objective analysis of "the total situation which envelopes the questioning by considering such factors as the length of the interrogation, the place and time of the interrogation, the nature of the questions, the conduct of the police and all other relevant circumstances." *Stewart, supra,* at p. 579, leads to the conclusion that such a process of interrogation had not yet begun. (See *People v. Beverly,* 233 Cal.App.2d 702, 714-717 [43 Cal.Rptr. 743].) Instead, defendant spontaneously

volunteered the main statement which implicated him. The question before arrest, ''Where did you get the marijuana?'', while accusatory in nature, was primarily investigatory, and can be attributed to an ''effort to determine the source of the contraband and possible offenses by others who may have sold it or furnished it.'' (*People* v. *Brooks,* 234 Cal.App.2d 662 671 [44 Cal.Rptr. 661]; see *People* v. *Beverly, supra,* 233 Cal.App.2d 702, 715-716.) *People* v. *Bilderbach,* 62 Cal.2d 757 [44 Cal.Rptr. 313, 401 P.2d 921], cited by defendant is distinguishable on its facts. The answer, ''It's not mine'' was exculpatory. The conduct of the police indicates no oppressive or coercive measures. Other relevant circumstances are that the questioning and arrest did not evolve from an original narcotics investigation which proceeded from suspicion, to probable cause, to arrest and lengthy interrogation, but from an investigatory reaction to newly-discovered evidence of criminal conduct. The circumstances of the defendant's arrest and ''confession'' do not bring *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] and its progeny into application; there is no indication of any ''*conditions* which invited the coerced confessions and the attendant evils.'' (In re Lopez, 62 Cal.2d 368, 375 [42 Cal. Rptr. 188, 398 P.2d 380]; see *People* v. *Brooks, supra,* 234 Cal.App.2d 662, 671; *People* v. *Beverly, supra,* 233 Cal.App. 2d 702, 716.)

There being no process of interrogation designed to elicit incriminating statements, the accusatory stage of the proceeding described in *People* v. *Dorado, supra,* 62 Cal.2d 338, had not yet matured at the time of defendant's ''confession.'' The voluntary statement was therefore admissible as evidence and there is no error.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 2, 1965.