THE COURT
After filing written opinions in the entitled cases—for convenience referred to as eases B, C and D—we granted petitions for rehearing. Our consideration arose from and was limited to the constitutional question posed by Griffin v. California, 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106]. The records have been augmented to reflect that in each case the People argued and the court instructed on the failure of defendants to testify. Only defendant Yon Blum (and the defendants in ease A) gave testimony from the witness stand.
Although counsel and the courts at the time of trial correctly interpreted for the jury the defendants’ failure to testify (People v. Modesto, 62 Cal.2d 436 [42 Cal.Rptr. 417, 398 P.2d 753]), the United States Supreme Court has now required us to hold that such interpretive comment violates the Fifth Amendment to the United States Constitution. (Griffin v. California, supra.)
Subsequent California decisions have held that this error does not require a reversal unless it resulted in a mis *Supp. 945 carriage of justice as defined in article VI, section 4½, of the California Constitution. (People v. Bostick, 62 Cal.2d 820, at page 823 [44 Cal.Rptr. 649, 402 P.2d 529]; People v. Robinson, 62 Cal.2d 889 at page 893 [44 Cal.Rptr. 762, 402 P.2d 834]; People v. Roberts, 63 Cal.2d 84, at page 93 [45 Cal.Rptr. 155, 403 P.2d 411]; People v. Parker, 235 Cal.App.2d 100, at page 107 [44 Cal.Rptr. 909]; People v. Luckman, 235 Cal.App.2d 75, at page 79 [45 Cal.Rptr. 41].)
We take note of the rule relating the state constitutional provision to particular situations (People v. Watson, 46 Cal.2d 818, at p. 836 [299 P.2d 243]) : “That a ‘miscarriage of justice’ should be declared only when the court, ‘after an examination of the entire cause, including the evidence, ’ is of the ‘opinion’ that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error. ’ ’
We have reexamined not only the evidence in each case but the full course of the proceedings, and have determined that it is not probable that a more favorable result would have been reached in the absence of the error. Seldom are juries presented with such visual proof as we have here of circumstances constituting the crime itself. While counsel did argue on the rehearing that the defendants’ intent remained obscured, we must say that the circumstances themselves left very little conflict on this issue. It is noted that in People v. Parker, supra, the crime also included the existence of a particular intent in the defendant’s mind.
We reaffirm our previous opinions.