[Crim. No. 2313.   Fourth Dist.   Dec. 21, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. CLINTON KENNETH BROWN, Defendant and Appellant.

Marvin D. Donine for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant was charged with possession of marijuana; tried by the court without a jury; found guilty; and placed on probation. He appeals from the conviction seeking reversal upon the grounds (1) the court erred in admitting evidence allegedly obtained as the result of an unlawful search; (2) the admission of an incriminating statement by defendant violated the rule in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]; and (3) the evidence is not sufficient to support the judgment.

On the night of August 15, 1964, a police officer went to a residence in response to a complaint relating a family disturbance; upon arrival was met by the defendant's wife, who invited him into the residence, and was told by her that defendant had kicked in the front door, had taken one of their children, and had said that if she wanted to see the child alive she should meet him at a particular intersection. Before the officer departed, defendant's wife told him her husband had some marijuana seeds he intended to sow; started looking for them; located a suitcase in one of the bedrooms from which she removed a package containing marijuana seeds; and gave the package to the officer, telling him what it contained. The officer had not requested the search. Thereafter he and defendant's wife went to the sheriff's office, at which time the latter stated there were more marijuana seeds at the house; she and her husband were staying there with her mother and stepfather; and the latter were the renters or owners of the property. She made arrangements to meet the officer at the house the next afternoon for the pur-

pose of looking for the additional seeds. Before leaving the sheriff's office defendant's wife stated she was going to stay with some friends because she was afraid her husband might return to the house. For this reason the officer did not return to the house that night and search for the seeds. The next day, the officer waited for defendant's wife, whom he was to accompany to the house; when she did not return by 6 p.m. became concerned for her safety; and proceeded to the house, where he was met by her and her mother. He asked whether they, i.e., he and defendant's wife, might look for the seeds which she claimed were in the house, and received an affirmative reply from both the wife and her mother. However, defendant was present in the house and would not permit the officer to enter. Thereupon, the officer, sensing trouble, summoned assistance. When the responding officer arrived, defendant was in the house; defendant's wife and her mother went through the front door; and the officers followed. The wife led the officers into a bedroom; removed a suitcase from a closet; placed it on a bed; was engaged in an argument by defendant, who pushed her into a corner and placed his hands on her throat. Upon being released the wife opened the suitcase; defendant reached inside and grabbed a plastic bag; she attempted to take it from him; whereupon he pushed her into another room, with his hand on her throat, and struck her on the arm with his fist. When this occurred, the officers placed defendant under arrest for battery; took the plastic bag from him, which subsequently was determined to contain marijuana seeds; and either then or thereafter arrested him for possession of marijuana.[1]

At the trial the package of marijuana seeds which the wife delivered to the officer on the night of the latter's first appearance at the house, and also the package of marijuana seeds which the officer took from the defendant on the following night when he was arrested, were admitted into evidence over objection that they were the product of an illegal search and seizure.

■ The package of seeds delivered to the officer on the first occasion obviously was not the result of any search by him. The fact that he was present in a house jointly occupied by defendant, his wife and others, when the wife obtained the package from a suitcase in one of the bedrooms therein

---

[1]The testimony is subject to interpretation as to whether the arrest for possession occured concurrently with or after the arrest for battery.

and delivered it to him, did not render his receipt thereof illegal. The officer's entry into the house was lawful, being in response to an invitation by the wife for the purpose of informing him of the alleged misconduct of defendant. As the officer did not conduct or institute any search on the occasion in question, whether a wife has authority under the circumstances here noted to consent to a search of premises jointly occupied by herself and her husband need not be determined. (See *People* v. *Carter*, 48 Cal.2d 737, 745-746 [312 P.2d 665] ; *In re Lessard*, 62 Cal.2d 497, 504 [42 Cal. Rptr. 583, 399 P.2d 39].)

The officer went to the residence on the second occasion because he was concerned for the wife's safety, and also to obtain the additional marijuana seeds which the wife claimed were in the house. Defendant contends the entry by the officers into his house on this occasion was unlawful and any evidence obtained as a result of this unlawful entry was illegal. This contention is based upon the claim that he had rented the house and had forbidden the officers to enter. However, there was evidence supporting the conclusion that the premises were under the joint control not only of defendant and his wife, but also of his wife's mother and stepfather, and as the mother consented to entry by the officers, their action in the premises was not unlawful. Furthermore, the evidence supports the finding implied in the order overruling defendant's objection that the officers had probable cause to believe the defendant had committed and then was committing a felony. Under these circumstances they were entitled to conduct a search of the premises and arrest him for this offense, i.e., possession of marijuana. The fact that the search preceded rather than followed the arrest was of no legal consequence in determining its legality. (*People* v. *Simon,* 45 Cal.2d 645, 648 [290 P.2d 531].) Defendant contends there was not probable cause for such an arrest as the only information possessed by the officers from which they might reach such a conclusion was that furnished by the wife, who was not shown to be a reliable informant. This contention disregards the evidence that the wife, in the presence of the officer, obtained a package of marijuana seeds from a suitcase in the house which defendant claims was under his control.

After the defendant was arrested, and while en route to jail, an officer asked him "if the seeds belonged to him and he said 'yes,' " and also asked him "when was the last time he had smoked marijuana cigarettes and he said 'a year

ago.' '' At the trial the officer testified to this conversation, whereupon defendant's attorney stated: ''I will interpose an objection to this line of testimony and request that I might take the witness under *voir dire* in light of the Dorado Decision.''[2] Defense counsel then proceeded to develop the fact, to which the district attorney stipulated, that prior to making the aforesaid statements defendant had not been advised of his constitutional rights to an attorney and to remain silent. Following this, in response to a question to which no objection was made, the officer again testified that defendant had said he had smoked a marijuana cigarette approximately a year ago. Defendant contends that admission of the testimony relating the aforesaid conversation was reversible error, because his statements were incriminating; were made after onset of the accusatory stage of the proceedings; and he had not been advised of his constitutional rights in the premises. (*People* v. *Dorado,* 62 Cal.2d 338 [42 Cal. Rptr. 169, 398 P.2d 361].) ''The accusatory stage occurs 'when the officers have arrested the suspect and . . . have undertaken a process of interrogations that lends itself to eliciting incriminating statements. . . .' '' (*People* v. *Faris,* 63 Cal.2d 541, 544 [47 Cal.Rptr. 370, 407 P.2d 282].) The People contend the evidence establishes that when the statements were made the officers were not undertaking a process of interrogations that lent itself to eliciting incriminating statements; that, knowing the bitterness existent between defendant and his wife, the purpose of their inquiry was to give him an opportunity to explain the presence of the seeds in his house; and that under these circumstances, the inquiry en route to the jail was not a part of the accusatory stage of the proceedings, relying on the rule as applied in *People* v. *Cotter,* 63 Cal.2d 386, 389-393 [46 Cal.Rptr. 622, 405 P.2d 862]; *People* v. *Justiniano,* 236 Cal.App.2d 542, 545-546 [46 Cal.Rptr. 335]; *People* v. *Luckman,* 235 Cal.App.2d 75, 78 [45 Cal.Rptr. 41]; *People* v. *Salazar,* 235 Cal.App.2d 647, 648-649 [45 Cal.Rptr. 537]; *People* v. *Ford,* 234 Cal. App.2d 480, 490, 493-494 [44 Cal.Rptr. 556]; *People* v. *Brooks,* 234 Cal.App.2d 662, 668-671 [44 Cal.Rptr. 661]; *United States* v. *Konigsberg,* 336 F.2d 844, 853. We need not pass upon the merits of these contentions because, assuming

---

[2]In referring to the ''Dorado Decision,'' counsel for defendant undoubtedly had in mind the decision in *People* v. *Dorado,* (Cal.) 40 Cal. Rptr. 264, 394 P.2d 952, which was the subject of an order granting a rehearing and was followed by the opinion in *People* v. *Dorado,* 62 Cal. 2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

the testimony relating the statements was excludable, the failure properly to invoke the exclusionary rule at the time of trial forecloses the assertion on appeal of error in admitting such. The statement by defense counsel, after the officer had testified to the subject conversation that, ''I will interpose an objection to this line of testimony,'' preceded a request to examine the witness on *voir dire* which was granted, and thereafter no further objection was made. The evidence already had been introduced; there was no motion to strike; the grounds of the previously asserted objection were not stated; no argument was presented; and no request for a ruling was made. The court was not given the opportunity to pass upon the admissibility of the evidence to which defendant now objects. If the circumstances heretofore noted are not sufficient to establish that at the time of the subject conversation the officers had not undertaken a process of interrogations that lent itself to eliciting incriminating statements, the prosecution, in light of an appropriate objection, might have been able to supply additional circumstances supporting such a conclusion. Failure to properly assert reliance upon the exclusionary rule at the trial forecloses its assertion on appeal. (*In re Lessard, supra,* 62 Cal.2d 497, 503; *People* v. *Ditson,* 57 Cal.2d 415, 441 [20 Cal.Rptr. 165, 369 P.2d 714] ; *People* v. *Palmer,* 236 Cal.App.2d 645, 649-650 [46 Cal.Rptr. 449] ; *People* v. *Valdez,* 188 Cal.App.2d 750, 757-758 [10 Cal.Rptr. 664].)

■ Defendant contends the evidence is not sufficient to establish he had possession of the marijuana seeds received in evidence. These seeds were taken from a residence which was jointly occupied by him, his wife, and the latter's mother and stepfather. On the occasion when, in the presence of the officers, his wife attempted to remove a package of seeds from a suitcase in his bedroom he restrained her from doing so and thus exercised dominion and control over the same. Thereafter he told the police the seeds belonged to him. These circumstances adequately established all of the elements of the offense of unlawful possession of a narcotic. (*People* v. *Redrick,* 55 Cal.2d 282, 285, 288 [10 Cal.Rptr. 823, 359 P.2d 255] ; *People* v. *Roberts,* 228 Cal.App.2d 722, 726 [39 Cal. Rptr. 843].)

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.